**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JUN 1 4 2018

LAWRENCE K. BAERMAN, CLERK
ALBANY

)
_Joseph R. Boimah_ Plaintiff(s)  )
)          Civil Case No.: 1:18-CV-696
)                    BKS/DJS
vs.  )
_N.Y. State Workers Compensation Board_  )      CIVIL
)          RIGHTS
)          COMPLAINT
)          PURSUANT TO
Defendant(s)  )      42 U.S.C. § 1983

Plaintiff(s) demand(s) a trial by:  ⊠ JURY    ◯ COURT    (Select **only** one).

Plaintiff(s) in the above-captioned action, allege(s) as follows:

## JURISDICTION

1.     This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) and 2201.

## PARTIES

2.     Plaintiff: _Joseph R. Boimah_
       Address: _2 Old Hickory Dr. apt. 28_
       _Albany, N.Y. 12204_
       _CAS # 08708129_

Additional Plaintiffs may be added on a separate sheet of paper.

       _Workers Compensation Board_
3.    a.    Defendant: _Menel - Albany, N.Y. 12205_

       Official Position: _WORKERS COMPENSATION_

       Address: _Board_

b.    Defendant:    WORKERS ComPENSATION

     Official Position:    Board - OF N.Y. State

     Address:    MANEL - ALBANY, N.Y. 12 205

     _____

     _____

c.    Defendant:    _____

     Official Position:    _____

     Address:    _____

     _____

Additional Defendants may be added on a separate sheet of paper.

4.                          **FACTS**

Set forth the facts of your case which substantiate your claim of violation of your civil and/or Constitutional rights. List the events in the order they happened, naming defendants involved, dates and places.

Note: **You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint. (You may use additional sheets as necessary).**

My Compensation Case was closed in the 1990's with the Understanding, if in some future time from the date that Case was Closed, if my condition does woosen, I should provide the Compensation Board with all my recent medical Reports; and the board will Reopen my my Case. My Condition had or has woosen and I have provided the Compensation Board with all my injuries to my body which multiple, but each and every time the Compensation Board had to rejected or had said that my medical Reports not good enough, but worst of all because of their delay of by the reopening my case, they are telling me, it is too long or Late therefore they

They could not reopen my case that which they have discriminately held on to it, telling me that they would reopen.

I'm giving another example of the discriminate practices they have done with particular case; they maining the Compensation Board had accepted a Dr. whom I have never met, neither have I ever been treated by this doctor.

This was discriminately done by the compensation law Judge, at the last hearing which was held on Sept. of 2017. I did explained in my appeal right after that hearing, that I have never been treated by this particular Dr.D. She had told me, that it takes 6 to 8th months, for the appeal process to go through; why needed treatment for my many inquiries, most of all, I do need medications which I'm not able to pay for. Worst of All that can happen to me, is that I have been evicted from place of resident, because of the lacks of funs.

Thank you for your understanding, why I do look forward to my Court decision.

Your Respectfully,

Joseph R. Bainah

## 5.                    CAUSES OF ACTION

**Note: You must clearly state each cause of action you assert in this lawsuit.**

### FIRST CAUSE OF ACTION

I'm Acting the causes of actions. 06-14-2018

### SECOND CAUSE OF ACTION

### THIRD CAUSE OF ACTION

6.   **PRAYER FOR RELIEF**

   **WHEREFORE**, plaintiff(s) request(s) that this Court grant the following relief:

_____

_____

_____

_____

   I declare under penalty of perjury that the foregoing is true and correct.

DATED: **06-14-2018**

                                   _Joseph R. Boimah_
                                   _____

                                   Signature of Plaintiff(s)
                                   (all Plaintiffs must sign)

02/2010

**Clarissa M. Rodriguez
Chair**

ADMINISTRATIVE REVIEW DIVISION
WORKERS' COMPENSATION BOARD
PO BOX 5205
BINGHAMTON, NY  13902
*www.wcb.ny.gov*

## State of New York - Workers' Compensation Board

## In regard to Joseph Boimah, WCB Case #0870 8129

## MEMORANDUM OF BOARD PANEL DECISION
*keep for your records*

Opinion By: Ursula Levelt
Mark R. Stasko
Ellen O. Paprocki

The claimant, acting on his own behalf, requests review of the Workers' Compensation Law Judge (WCLJ) decision filed September 11, 2017. No timely rebuttal was filed.

### ISSUE

The issue presented for administrative review is whether the claimant has submitted sufficient evidence of a change in condition to support reopening of his case after a lump sum settlement.

### FACTS

The case is established for injuries to the claimant's head, right eye, eardrum, neck and back that occurred on December 19, 1986. The claimant was physically assaulted while working as a shoe salesman. The case was amended to include a left renal contusion by decision filed August 1, 1988.

By Memorandum of Decision filed October 12, 1990, the Board Panel found that the claimant has a permanent total disability based upon the combination of all the injuries on December 29, 1986.

*** *Continued on next page* ***

| | | | |
|---|---|---|---|
| Claimant - | Joseph Boimah | Employer - | Moshells |
| Social Security No. - | | Carrier - | State Insurance Fund |
| WCB Case No. - | 0870 8129 | Carrier ID No. - | W204002 |
| Date of Accident - | 12/29/1986 | Carrier Case No. - | 24987984202 |
| District Office - | Albany | Date of Filing of this Decision - | 05/24/2018 |

ATENCION:

Puede llamar a la oficina de la Junta de Compensacion Obrera, en su area correspondiente, cuyo numero de telefono aparece al principio de la pagina y pida informacion acerca de su reclamacion(caso).

EBRB-1 (4/99)                                                                          Page 1 of 6

23252780

By RB-62.1, Non-Schedule Adjustment Lump Sum Settlement, dated May 31, 1996 the claimant's case was settled for $30,000.

By Memorandum of Decision filed April 30, 2001, the Board Panel found that the claimant did not have a change in condition not contemplated at the time of the adjustment.

By Memorandum of Decision filed June 23, 2005, the Board Panel found that there was no indication in the April 26, 2005 medical report that the claimant's current condition has changed or that his degree of disability exceeds what was found in the medical evidence prior to the lump sum settlement. The Board Panel found that the claimant did not have a change in condition not contemplated at the time of the adjustment and the case shall remain closed.

By Memorandum of Decision filed April 12, 2006, the Board Panel found that there was no indication in the February 23, 2006 medical report that the claimant's current condition has changed or that his degree of disability exceeds what was found in the medical evidence prior to the lump sum settlement. The Board Panel found that the claimant did not have a change in condition not contemplated at the time of the adjustment and the case shall remain closed.

By Memorandum of Decision filed February 6, 2008, the Board Panel found that there was no indication in the newly submitted medical reports that the claimant recent abdominal surgery and eye condition are causally related to his compensable injuries or that the claimant's current condition has changed or that his degree of disability exceeds what was found in the medical evidence prior to the lump sum settlement. The Board Panel found that the claimant did not have a change in condition not contemplated at the time of the adjustment and the case shall remain closed.

By Memorandum of Decision filed June 11, 2008, the Board Panel found that there was no indication in the newly submitted medical reports that the claimant's current condition has changed or that his degree of disability exceeds what was found in the medical evidence prior to the lump sum settlement. The Board Panel found that the claimant did not have a change in condition not contemplated at the time of the adjustment and the case shall remain closed.

By Memorandum of Decision filed April 2, 2010, the Board Panel found that the January 14, 2009 report of Dr. Adomfeh is purely speculative and had no evidentiary value, that the claimant's current condition has changed or that his degree of disability exceeds what was found in the medical evidence prior to the lump sum settlement and that the claimant has not submitted sufficient medical evidence to support a change in medical condition not contemplated at the time of the adjustment and the case shall remain closed.

*** Continued on next page ***

| | | | |
|---|---|---|---|
| Claimant - | Joseph Boimah | Employer - | Moshells |
| Social Security No. - | | Carrier - | State Insurance Fund |
| WCB Case No. - | 0870 8129 | Carrier ID No. - | W204002 |
| Date of Accident - | 12/29/1986 | Carrier Case No. - | 24987984202 |
| District Office - | Albany | Date of Filing of this Decision – 05/24/2018 | |

ATENCION:

Puede llamar a la oficina de la Junta de Compensacion Obrera, en su area correspondiente, cuyo numero de telefono aparece al principio de la pagina y pida informacion acerca de su reclamacion(caso).

EBRB-1 (4/99)

Page 2 of 6

23252780

The Board Panel further finds that the claimant remains entitled to further medical treatment of his causally related injuries to the head, right eye, eardrum, neck, back and a left renal contusion in accordance with the Medical Treatment Guidelines.

Therefore the Board Panel finds, upon review of the record and based upon a preponderance of the evidence, that the request to reopen the case due to a change in condition is DENIED. The Board Panel notes that WCL § 123 has been found to apply to this case and the Board is without jurisdiction to award further indemnity benefits.

CONCLUSION

ACCORDINGLY, the WCLJ decision filed September 11, 2017, is AFFIRMED. The case is closed.

All concur.


_____          _____          _____
Ursula Levelt                                    Mark R. Stasko                              Ellen O. Paprocki


| Claimant -           | Joseph Boimah | Employer -         | Moshells |
|----------------------|---------------|-------------------|----------|
| Social Security No. - |               | Carrier -         | State Insurance Fund |
| WCB Case No. -       | 0870 8129     | Carrier ID No. -  | W204002 |
| Date of Accident -   | 12/29/1986    | Carrier Case No. - | 24987984202 |
| District Office -    | Albany        | Date of Filing of this Decision – | 05/24/2018 |

ATENCION:

Puede llamar a la oficina de la Junta de Compensacion Obrera, en su area correspondiente, cuyo numero de telefono aparece al principio de la pagina y pida informacion acerca de su reclamacion(caso).

By Memorandum of Decision filed February 3, 2011, the Board Panel found that the current medical report submitted by Dr. Adomfeh was insufficient to support the request to reopen this case on the issue of a change in medical condition not contemplated at the time of the Lump Sum Non-Schedule Adjustment and denied the request to reopen the case.

By decision filed July 14, 2017, the WCLJ found that Workers' Compensation Law § 123 applied to this case as 18 and 8 years have passed and there was a true closing and directed the claimant to produce forms C-25 and C-27.

In a C-27, Medical Proof of Change in Condition in Support of Application for Reopening of a Claim, dated July 25, 2017, the claimant's attending physician, Dr. Scheid, indicated that the claimant has axial lower back pain with right greater than left and lower extremity radicular symptoms along L4-L5. Dr. Scheid opined that from a neurosurgical standpoint the claimant maintained a 0% disability. Dr. Scheid further indicated that there was no permanent defect.

In a C-25, Application for Reopening of Claim More than Seven Years After Accident, dated July 22, 2017, the claimant indicated that he has broken bones in his right eye, damage to his right ear and damage to his lower back. The claimant indicated that because of the damage to his spinal cord he is having pain through his legs which is making it difficult for him to stand. The claimant indicated that he was treated by Dr. Bohan from May 25, 2010 to June 7, 2017.

At the hearing held on September 6, 2017, the claimant was present with his attorney. The claimant identified himself for the record. The claimant's attorney asserted that Dr. Scheid has submitted a C-27 showing a change in condition and that the carrier has presented no contrary medical evidence. The WCLJ found based upon a review of the record that there was insufficient evidence in the C-25 and C-27 to support a reopening at this time.

By decision filed September 11, 2017, the WCLJ found that there was insufficient evidence in the C-25 and C-27 to warrant a reopening at this time without prejudice to a C-27 specifying a clear change in condition from May 30, 1996 when the case was closed via a Lump Sum Settlement.

## LEGAL ANALYSIS

The claimant asserts that the attorney who represented him at the hearing told him to wait outside the hearing room during the hearing. The claimant further asserts that this lawyer did not represent his best interest and seemed like he was representing the insurance company

*** Continued on next page ***

| | | | |
|---|---|---|---|
| Claimant - | Joseph Boimah | Employer - | Moshells |
| Social Security No. - | | Carrier - | State Insurance Fund |
| WCB Case No. - | 0870 8129 | Carrier ID No. - | W204002 |
| Date of Accident - | 12/29/1986 | Carrier Case No. - | 24987984202 |
| District Office - | Albany | Date of Filing of this Decision - | 05/24/2018 |

ATENCION:
Puede llamar a la oficina de la Junta de Compensacion Obrera, en su area correspondiente, cuyo numero de telefono aparece al principio de la pagina y pida informacion acerca de su reclamacion(caso).

instead of the claimant. The claimant also asserts that his prior attempts to reopen the case were denied but he presented the Board medical evidence of several surgeries and damage to his spinal cord which is causing all the pains in his back and legs. The claimant further asserts that he wants his case to reopen so that he can get the treatment he needs. The claimant also asserts that the doctors who treated him in the past will not treat him now because they have not been paid by the insurance company. The claimant further asserts that his case should be reopened.

In order to reopen a case under Workers' Compensation Law § 15(5-b), the claimant must offer "proof that there has been a change in condition or in the degree of disability [that was] not contemplated at the time of the [lump-sum non-schedule] adjustment" (*Matter of Francis v Jewelry Box Corp. of Am.*, 95 AD3d 1515 [2012] [internal quotation marks and citations omitted]). Such evidence may reveal, for example, new or worsened symptoms, or an overall deterioration in the claimant's degree of disability (*see Matter of Avila v St. Francis Hosp.*, 140 AD2d 769 [1988]).

Workers' Compensation Law § 13 establishes the obligation of the employer to "promptly provide for an injured employee such medical, surgical, optometric or other attendance or treatment . . . for such period as the nature of the injury or the process of recovery may require." An employee is entitled to medical care and treatment from the first day and for as long as necessary to treat and care for the injury arising out of and in the course of employment. Workers' Compensation Law § 13; Minkowitz, Practice Commentary at McKinney's Consolidated Laws of New York. The Court of Appeals has held that this section, like the entirety of the Workers' Compensation Law, "is to be liberally construed to accomplish the economic and humanitarian objects of the act (citations omitted)." (*Matter of Smith v Tompkins County Courthouse*, 60 NY2d 939 [1983]). Accordingly, a claimant is entitled to treatment on an "as needed" basis for so long as the symptomatology is causally related to the compensable injury.

Medical Treatment Guidelines (Guidelines) for the mid and low back, neck, knee, and shoulder were adopted by the Chair of the Workers' Compensation Board on November 3, 2010, when subchapter C of Title 12 NYCRR was amended to add new Part 324. The Guidelines apply to all treatment provided to their respective body parts on or after December 1, 2010, regardless of the accident date or the date of disablement (12 NYCRR 324.2[a]). Except for occasions when a variance request to depart from the Guidelines has been approved by the self-insured employer/insurance carrier or authorized by the Board, treating providers must treat all existing and new work-related injuries, illnesses, or occupational diseases involving those body parts in accordance with the Guidelines (*id.*).

*** Continued on next page ***

| | | | |
|---|---|---|---|
| Claimant - | Joseph Boimah | Employer - | Moshells |
| Social Security No. - | | Carrier - | State Insurance Fund |
| WCB Case No. - | 0870 8129 | Carrier ID No. - | W204002 |
| Date of Accident - | 12/29/1986 | Carrier Case No. - | 24987984202 |
| District Office - | Albany | Date of Filing of this Decision - | 05/24/2018 |

ATENCION:

Puede llamar a la oficina de la Junta de Compensacion Obrera, en su area correspondiente, cuyo numero de telefono aparece al principio de la pagina y pida informacion acerca de su reclamacion(caso).

"Section 123 provides the Workers' Compensation Board with authority to reopen closed cases, subject to the time limitation that no awards shall be made against the Special Fund or against an employer where the application is made 'after a lapse of eighteen years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation'. This 'eighteen-and eight'-year time limitation applies only to cases which have been closed and are being reopened, but would not bar a new claim or continuing consideration of an open case" (*Matter of Zechmann v Canisteo Volunteer Fire Dept.*, 85 NY2d 747 [1995] [citations omitted]).

A review of the record reveals that the case is established for injuries to the claimant's head, right eye, eardrum, neck and back that occurred on December 19, 1986 and a left renal contusion and the claimant was classified with a permanent total disability by decision filed October 12, 1990. By RB-62.1, Non-Schedule Adjustment Lump Sum Settlement, dated May 31, 1996 the claimant's case was settled for $30,000. By decision filed July 14, 2017, the WCLJ found that Workers' Compensation Law § 123 applied to this case as 18 and 8 years have passed and there was a true closing.

In a C-27, dated July 25, 2017, the claimant's attending physician, Dr. Scheid, indicated that the claimant has axial lower back pain with right greater than left and lower extremity radicular symptoms along L4-L5. Dr. Scheid opined that from a neurosurgical standpoint the claimant maintained a 0% disability. Dr. Scheid further indicated that there was no permanent defect. The claimant filed a C-25 and indicated that he was having back pain radiating to his legs and experiencing difficulty standing.

The Board Panel finds that at the time of the lump sum settlement in May 31, 1996 the claimant had a permanent total disability. The Board Panel finds that the C-27 from Dr. Scheid dated July 25, 2017 indicates that the claimant has 0% disability and that there was no permanent defect from a neurologic standpoint. The Board Panel finds that the claimant has presented insufficient medical evidence to show a change in condition since the time of the lump sum settlement which would support a reopening of his case on the issue of further indemnity benefits. As the claimant was previously found to be permanently totally disabled, subsequent medical reports also indicating a permanent total disability would not reflect a change in condition, as there can be not greater disability than permanent total.

Additionally, per the decision filed July 14, 2017, the WCLJ found that Workers' Compensation Law § 123 applied to this case as 18 and 8 years have passed and as a result, the claimant is not entitled to further indemnity benefits and the Board is without jurisdiction to award and further indemnity benefits in this case.

*** Continued on next page ***

| Claimant - | Joseph Boimah | Employer - | Moshells |
|---|---|---|---|
| Social Security No. - | | Carrier - | State Insurance Fund |
| WCB Case No. - | 0870 8129 | Carrier ID No. - | W204002 |
| Date of Accident - | 12/29/1986 | Carrier Case No. - | 24987984202 |
| District Office - | Albany | Date of Filing of this Decision - | 05/24/2018 |

ATENCION:

Puede llamar a la oficina de la Junta de Compensacion Obrera, en su area correspondiente, cuyo numero de telefono aparece al principio de la pagina y pida informacion acerca de su reclamacion(caso).

EBRB-1 (4/99)                                                                              Page 5 of 6

08708129

Thomas Nicolia Consulting Services
## Itemization of Charges
For Posting Date May 22, 2018

| | | | | |
|---|---|---|---|---|
| **Clinic:** | Thomas Nicolia Consulting Services | | **Insurance #1:** | SELF PAY<br>0000<br>0000, NY 12206 |
| **Address:** | 711 Troy Schenectady Rd<br>Suite 209<br>Latham, NY 121102442 | | | |
| **Phone:** | (518) 786-1667 | | **Adjuster:** | |
| **Tax ID:** | 141766420 | | **Group Number** | |
| **WCAB:** | | | **Policy Number:** | 000000 |
| | | | | |
| **Employer:** | | | **Insurance #2:** | |
| **Patient #:** | 22380 | | **Adjuster:** | |
| **Patient:** | JOSEPH BOIMAH | | **Group Number:** | |
| **Date of Injury:** | 04/03/2018 | | **Policy Number:** | |

| Visit # | Service Date | Provider Name | Procedure Description | Code | Charges | Adjust | Payments | Balance |
|---|---|---|---|---|---|---|---|---|
| 239084 | 05/03/2018 | Kelly Mosbiess, DPT | PRIVATE PAY | 70000 | 75.00 | – | – | 75.00 |
| 239085 | 05/10/2018 | Ryan Pezzano, PT | PRIVATE PAY | 70000 | 60.00 | – | – | 60.00 |
| 239086 | 05/17/2018 | Ryan Pezzano, PT | PRIVATE PAY | 70000 | 60.00 | – | – | 60.00 |
| **TOTALS** | | | | | **195.00** | . | . | |

**BALANCE DUE**    195.00





**Workers' Compensation Board**

# Notice of Interpreter Services

## ENGLISH
If you need help reading this important document, please call the Workers' Compensation Board's toll free number: 1-877-632-4996. An interpreter will be contacted at no cost to you.

## CHINESE (Simplified)
如果您需要帮助来阅读这份重要文件，请拨打劳工赔偿局免费电话：1-877-632-4996。
我们将为您提供免费的口译服务。

## HAITIAN-CREOLE
Si ou bezwen èd pou li dokiman enpòtan sa a, tanpri rele nimewo gratis Komisyon Konpansasyon Travayè: 1-877-632-4996. Y ap kontakte yon entèprèt gratis pou ou.

## ITALIAN
In caso abbiate bisogno di assistenza per leggere questo importante documento, chiamate il numero verde gratuito della Workers' Compensation Board: 1-877-632-4996. Contatteremo un interprete senza alcun costo da parte vostra.

## KOREAN
이 중요 문서를 읽는 데 도움이 필요하면 근로자재해보상위원회의 무료 전화번호로 전화하십시오: 1-877-632-4996. 귀하에게 무료 통역사가 연결될 것입니다.

## POLISH
Jeżeli potrzebujesz pomocy w odczytaniu tego ważnego dokumentu, prosimy o kontak z Komisją ds. odszkodowań pracowniczych (Workers' Compensation Board) pod darmowym numerem telefonu: 1-877-632-4996. Nastąpi kontakt z tłumaczem bez żadnych kosztów z Pana/i strony.

## RUSSIAN
Если вам требуется помощь по этому важному документу, звоните в Управление по компенсациям работникам (Workers' Compensation Board) по бесплатному номеру 1-877-632-4996. Мы привлечем переводчика бесплатно для вас.

## SPANISH
Si necesita ayuda para leer este documento de importancia, por favor, llame a la línea gratuita de la Junta de Compensación Obrera: 1-877-632-4996. Un intérprete se pondrá en contacto con usted sin cargo.

wcb.ny.gov
(877) 632-4996

New York State Workers' Compensation Board
PO BOX 5205
Binghamton, NY 13902-5205

Notice of Interpreter Services (B-16)