**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOSEPH R. BOIMAH,

                              Plaintiff,

        v.                                                1:18-CV-696
                                                           (BKS/DJS)

NEW YORK STATE WORKERS' COMPENSATION
BOARD,

                              Defendant.

**APPEARANCES:**                             **OF COUNSEL:**

JOSEPH R. BOIMAH
Plaintiff, *Pro Se*
2 Old Hickory Drive
Apartment 2B
Albany, NY 12204

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION AND ORDER

      The Clerk has sent to the Court a *pro se* Complaint filed by Joseph R. Boimah. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in Forma Pauperis* (IFP), Dkt. No. 2, IFP App. & Dkt. No. 5, Amended IFP App. Upon review of Plaintiff's Amended IFP Application, the Court granted Plaintiff's Application to proceed IFP on July 5, 2018. Dkt. No. 6. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

### I. LEGAL STANDARD

      In reviewing a *pro se* complaint, a court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in

ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted).  Nonetheless, the court has a responsibility to determine that a claim is not frivolous before permitting it to proceed.  *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) ("Section 1915(d) gives the court the power to dismiss a *pro se* complaint sua sponte if the complaint is frivolous.").  A complaint "is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A court's initial review of a complaint under § 1915(e) must also encompass the applicable standards of the Federal Rules of Civil Procedure.  Thus, under Rule 8 of the Federal Rules of Civil Procedure, a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense."  *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)).  Moreover, Rule 10 of the Federal Rules of Civil Procedure requires that a pleading set forth "its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  FED. R. CIV. P. 10(b).  A complaint that fails to comply with these Rules "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the court.  *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

## II. ANALYSIS

In bringing this action, Plaintiff utilized this District's *pro forma* Complaint for actions brought pursuant to 42 U.S.C. § 1983.[1] *See* Compl. He brings a claim against the New York State Workers' Compensation Board, for refusing to reopen his compensation case, which was closed in

---

[1] Section 1983 establishes a cause of action "for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983)).

-3-

the 1990s.  Compl. at pp. 2-3.[2]  It is not clear from Plaintiff's submission exactly on what legal theory he seeks to pursue these claims; indeed, Plaintiff does not provide any clear cause of action in his Complaint.  *Id.* at p. 4.

"Federal jurisdiction exists only when a 'federal question' is presented (28 U.S.C. § 1331), or where there is 'diversity of citizenship' and the amount in controversy exceeds $75,000 (28 U.S.C. § 1332)."  *Dow v. M & T Bank*, 2016 WL 10835986, at *2 (N.D.N.Y. May 24, 2016), *report and recommendation adopted sub nom. Dow v. M & T Bank, Mortg. Co.*, 2018 WL 626292 (N.D.N.Y. Jan. 30, 2018) (citing *Perpetual Sec., Inc. v. Tang,* 290 F.3d 132, 136 (2d Cir. 2002); *Townsend v. L.T. Auto Transport, Inc.,* 2014 WL 1572801, at *3 (N.D.N.Y. Apr. 18, 2014)).  Here, there is no diversity between the New York State Workers' Compensation Board and Plaintiff, who lists his address as Albany, New York.  Nor has Plaintiff stated a federal question; rather, Plaintiff's claim appears to be based in New York statutory law.  *See* N.Y. Workers' Comp. Law.  His failure to specifically point to a particular constitutional or federal statutory right that has allegedly been violated renders the Complaint insufficient to confer jurisdiction upon the Court.  *See Mallgren v. Motion Recruitment Partners, Inc.*, 2013 WL 1873304 (E.D.N.Y. May 2, 2013) ("As Plaintiff neither raises a question of federal law, nor asserts diversity jurisdiction, the Court has no basis for federal subject matter jurisdiction over this action.").  This failure to articulate a federal basis of jurisdiction is grounds for dismissal.

The Complaint is also subject to dismissal on sovereign immunity grounds.  Under clearly established law, the Complaint is barred by the Eleventh Amendment, which provides states

---

[2] The pages of Plaintiff's Complaint are unnumbered; as such, when referring to Plaintiff's submissions, the Court will cite to the page numbers automatically assigned by the Court's Case Management Electronic Case Files ("CM/ECF") System.

immunity in federal court. *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). The immunity applies both to the State itself and state agencies. *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004); *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.'"); *Palma v. Workers Comp. Bd. of N.Y.*, 151 Fed. Appx. 20, 21-22 (2d Cir. 2005) (affirming finding that the New York State Workers' Compensation Board is entitled to sovereign immunity under the Eleventh Amendment).

The Complaint does not explicitly set forth what relief Plaintiff is seeking; however, it appears that he is seeking his Workers' Compensation case to be reopened. *See* Compl. at p. 4. Thus, Plaintiff may solely be seeking injunctive relief, rather than damages. A claim for injunctive relief may not be sustained against the named Defendant here: "such claims cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities." *Olivo v. New York State Dep't of Corr. & Cmty. Supervision*, 2017 WL 2656199, at *3 (N.D.N.Y. June 20, 2017) (citing *Santiago v. New York State Dep't of Corr. Serv.*, 945 F.2d 25, 32 (2d Cir. 1991)).

For these reasons, it is recommended that Plaintiff's Complaint be dismissed.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tomkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir.1991)). While recommending dismissal on Eleventh Amendment grounds, the Court recognizes that an exception to this bar does exist for purely prospective injunctive relief claims against a state

official. Under the doctrine announced in *Ex parte Young*, 209 U.S. 123 (1908), "a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff '(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective.'" *Brown v. New York*, 975 F. Supp. 2d 209, 222 (N.D.N.Y. 2013) (quoting *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007)). Plaintiff may, therefore, be able to proceed against an appropriate state official for injunctive relief. As such, it is appropriate to grant Plaintiff leave to replead his allegations.

In so doing, Plaintiff is advised that he must name an appropriate state official as the defendant and must specifically identify the basis for federal jurisdiction, *i.e.*, the precise *federal* constitutional or statutory ground on which he claims his rights have been violated and the basis for entitlement to the relief he seeks.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that this action be *sua sponte* dismissed due to lack of jurisdiction, but that Plaintiff be granted leave to replead his Complaint; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[3] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

---

[3] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**IT IS SO ORDERED.**

Dated: July 9, 2018
       Albany, NY

_____
Daniel J. Stewart
U.S. Magistrate Judge